**Below is the Order of the Court.**

_____
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

_____

Karen A. Overstreet
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>Consolidated Meridian Funds, a/k/a Meridian Investors' Trust, et. al,<br><br>           Debtor(s). | Case No. 10-17952 |
| Mark Calvert, as Liquidating Trustee of the Meridian Investors' Trust,<br><br>           Plaintiff(s),<br>v.<br>Prevost Car (US) Inc., a Delaware Corporation, Prevost Car Inc., and John Does #1-10,<br>           Defendants. | Adv. No. 12-01619<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND ALTERNATIVELY FOR CERTIFICATION OF STATUTORY CONSTRUCTION ISSUE TO WASHINGTON STATE SUPREME COURT |

This matter came before the Court without hearing pursuant to Local Bankruptcy Rule 9013-1(h) on the Defendants' Motion for Reconsideration and Alternatively for Certification of

Order - 1

Statutory Construction Issue to Washington State Supreme Court ("Motion for Reconsideration," Dkt. No. 85). Defendants seek reconsideration of a portion of the Court's Order re Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment ("Summary Judgment Order", Dkt. No. 80). Specifically, the defendants seek reconsideration of the Court's ruling contained in paragraph 2(ii) of the order dismissing defendants' affirmative defense pursuant to RCW 19.40.081(a). The defendants contend that the Court committed manifest error when it found that RCW 19.40.081(a), when read in conjunction with RCW 19.40.031(a), requires that value go to the debtor as an element of the defense.

## I. FACTS

The uncontested facts in this matter are set forth in detail in the Court's oral ruling, a transcript of which is on the docket at Dkt. No. 72. While numerous transfers are addressed in the Summary Judgment Order, they can be described very simply for purposes of the Motion for Reconsideration. Darren Berg, the alleged operator of a Ponzi scheme, while acting as the fund manager for an investment fund (the "Fund"),[1] transferred cash from the Fund's account directly to a Prevost entity ("Prevost"). In exchange for the transfer of the Fund's money, Prevost transferred a luxury bus to one of Berg's bus companies. From the perspective of Prevost, the transaction was nothing more than the bus company's purchase of a bus from Prevost for a commercially reasonable price. From the Fund's perspective, it received nothing in exchange for Berg's use of its funds in this way and its net assets were reduced as a result of the transaction. The plaintiff in this action, who is the Liquidating Trustee of the Meridian Investors Trust (the

---

[1] The term "Fund" refers to the multiple Fund debtors at issue in the Plaintiff's Motion for Partial Summary Judgment, which Funds include Meridian Mortgage Investors Fund II, LLC (10-17976), Meridian Mortgage Investors Fund V, LLC (10-17952), Meridian Mortgage Investors Fund VI, LLC (10-18729); Meridian Mortgage Investors Fund VII, LLC (10-17953), and Meridian Mortgage Investors Fund VIII, LLC (10-17958).

Order - 2

"Trustee"),[2] seeks recovery from Prevost of the funds transferred as an intentionally fraudulent transfer under Washington state law.[3] On summary judgment, the Court held that the direct transfers from the Fund to Prevost could be avoided as against Prevost because Prevost gave nothing of value to the Fund in exchange for the Fund's money.

## II. STANDARDS ON RECONSIDERATION

Motions for reconsideration are disfavored in this district. The local federal district court rules direct that a court should:

> [O]rdinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Civil Rule 7(h)(1), Local Rules W.D. Wash. Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. WA 2010); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 59(e), Fed.R.Civ.P., made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 9023, provides a mechanism for a court to alter, amend, or vacate a prior order. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1994). Although Rule 59(e) permits a court to reconsider and amend a previous order, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000). A motion under Fed. R.Civ.P. 59(e) "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

---

[2] The Meridian Investor's Trust was formed pursuant to the terms of the confirmed Chapter 11 Plan of the Fund.
[3] While the factual circumstances of the transfers are more complicated than this simple description of the transaction, the additional and more detailed facts are set forth in detail in the prior ruling and are not necessary to the Court's ruling on the Motion for Reconsideration.

Order - 3

*McDowell v. Calderon*, 197 F.2d 1253, 1255 (9th Cir. 1999)(en banc)(*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* F.R.Civ.P. 60(b).

**III.     ANALYSIS**

The Court held that as to the direct transfers from a Meridian Fund to Prevost, the good faith defense under RCW 19.40.081(a) was not available to Prevost because it did not provide reasonably equivalent value to the Fund. Under RCW 19.40.081(a), an intentionally fraudulent transfer is not voidable against a person who took in good faith and for a reasonably equivalent value. The Court held that for purposes of RCW 19.40.081(a), value must be provided to the debtor. Prevost argues that the Court's ruling was manifest error, and that a correct reading of the statute is that value provided by a direct or first transferee can be provided to the debtor or to a third party.

Prevost argues that the plain language of RCW 19.40.081(a) does not require that reasonably equivalent value be provided to the debtor, therefore the Court cannot read that requirement into the statute. Under this interpretation of the statute, the focus is on the value *given by* the transferee rather than what the debtor received. Prevost points to other statutory provisions where the focus is instead on what the debtor received, such as RCW 19.40.041(a)(2), RCW 19.40.051(a), RCW 19.40.081(d), RCW 19.40.081(f)(1) and 19.40.081(f)(3). In each of these statutes, the language specifically requires that the debtor receive value. Prevost argues that the legislature's omission of a provision requiring that value be given to the debtor under RCW 19.40.081(a) was deliberate and should be honored, and conversely, that if the Court required "value to the debtor," the other code provisions that refer to value provided to the debtor would be redundant. *See Spain v. Employment Security Dept.*, 164 Wash. 2d 252 (2008); *State v. Nelson*, 164 Wash. App. 175 (2005).

Order - 4

In entering the Summary Judgment Order, the Court sided with the Trustee, who argued that the purpose of fraudulent transfer statutes is to protect a debtor's estate from being depleted to the prejudice of the debtor's unsecured creditors. Consideration paid to a third party, other than the debtor, does not advance this policy.

There is no Washington case law on this issue. In fact, there is a dearth of case law addressing the precise issue before the Court. The Court relied, in part, on the definition of "value" in RCW 19.40.031(a), which reads as follows:

> Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

Prevost argues that RCW 19.40.081(a) can be interpreted without reference to this provision. The Court held that because RCW 19.40.031(a) requires an "exchange," in the case of a direct transfer "value" is given only if it is given "in exchange for" the transfer. Because a Meridian Fund transferred cash to Prevost, Prevost would have had to transfer an asset to the Fund in exchange for that cash in order to provide value as defined in RCW 19.40.031(a). Application of the statute in this fashion recognizes the policy considerations behind the statute.[4]

As stated in *In re Maui Indus. Loan & Finance Co.*, 477 B.R. 134 (Bankr. Haw. 2012), interpreting Hawaii's identical statute, the purpose of the fraudulent transfer statutes is to return lost value to the debtor's diminished estate and redistribute that value for the benefit of all creditors. Value given to a party other than the debtor does not mitigate damage to other creditors or otherwise fulfill the purpose of the statutes. *See also Warfield v. Byron*, 436 F.3d 551, 560 (5th Cir. 2006)(analyzing transfers under Washington law, "The primary consideration

---
[4] "'Value' is to be determined in light of the purpose of the Act to protect a debtor's estate from being depleted to the prejudice of the debtor's unsecured creditors. Consideration having no utility from a creditor's viewpoint does not satisfy the statutory definition." Uniform Fraudulent Transfer Act, Section 3, Comment 2.

Order - 5

in analyzing the exchange of value for any transfer is the degree to which the transferor's net worth is preserved"); *S.E.C. v. Resource Development Intern, LLC*, 487 F.3d 295, 302 (5th Cir. 2007)(transfer that was both actually and constructively fraudulent was not subject to the good faith/equivalent value defense because reasonably equivalent value had not been provided to the debtor, stating "[c]onsideration having no utility from a creditor's viewpoint does not satisfy the statutory definition.").

Prevost urges the Court to reject *Maui Industrial Loan,* arguing that the court there went "off track" in addressing Hawaii's version of RCW 19.40.081(a). Prevost urges the Court to follow *In re Chapman Lumber Co.*, 2007 WL 2316528 (Bankr. N.D. Iowa, August 8, 2007), in which, admittedly, the court addressed the precise issue here. In that case, the court held that a hair removal specialist who had provided services to a corporate officer in exchange for a check drawn on the corporation's account had a complete defense to the trustee's fraudulent conveyance claim under Iowa's version of RCW 19.40.081(a). The court thus concluded that value did not have to be provided to the debtor in order for the defendant to avail herself of the defense.[5]

Neither *Maui Industrial Loan* nor *Chapman Lumber* is binding on the Court. The Court is persuaded, however, by the analysis in *Maui Industrial Loan*. The court there stated:

> The primary focus of the reasonable value inquiry, therefore, must be on whether the *debtor* received reasonably equivalent value, not on whether the defendants gave reasonably equivalent value to someone else. *See, e.g., In re Lucas Dallas, Inc.*, 185 801, 807 (9th Cir. BAP 1995); *In re Agricultural Research & Technology Group, Inc. Hayes v. Palm Seedlings Partners-A)*, 916 F.2d 528, 540 (9th Cir. 1990). Because the Trust did not give equivalent value to the debtor (MFC), it cannot rely on the good faith defense under Haw.Rev.Stat. §651C-8(a).

---

[5] Prevost also urges the Court instead to follow an unreported bankruptcy court decision from the District of Nevada, *U.S. Capital Diversified Trust Deed Fund, LLC v. Fulton*, Memorandum Opinion dated December 11, 2009 (attached to Dkt. 85). That decision, however, is not persuasive to the Court and does not take *AFI, infra,* into account.

Order - 6

*Maui Industrial Loan*, 477 B.R. at 146. Prevost also urges the Court to reject the cases relied upon by *Maui Industrial Loan*. Quite correctly, Prevost points out that *Lucas Dallas* dealt with a constructively fraudulent transfer and *In re Agricultural Research & Technology Group ("Agretech")* did not reach the question of consideration because it held that the initial transferee defendant was not in good faith.

A Ninth Circuit Court of Appeals case following *Agretech*, however, supports the Court's interpretation of the defense in RCW 19.40.081(a). In *In re AFI Holding, Inc.*, 525 F.3d 700 (9th Cir. 2008), the Ninth Circuit considered the defense asserted by a defendant under the California version of RCW 19.40.081(a), Cal. Civ. Code § 3439.08(a). The court noted that in *Agretech*, it "never reached the reasonably equivalent value analysis for the initial transfer because the initial transfer failed on the good faith prong…." *Id.* at 707. Instead, the court relied on its "more complete reasonably equivalent value analysis for an initial transferee" found in *In re United Energy*, 944 F.2d 589 (9th Cir. 1991). *Id.* at 706-707. In *AFI*, the court found no reason to distinguish between Bankruptcy Code § 548(c), which requires the transferee to give value to the debtor, and Cal.Civ.Code §3439.08(a), which like RCW 19.40.081(a), references only that the transferee "took" for reasonably equivalent value. The court held:

> We find no reason, in statute or case law, to treat "reasonably equivalent value" differently for each of the Code's provisions. Both the prima facie case for constructively fraudulent transfers under § 3439.04(a)(2), and the affirmative defense to actually fraudulent transfers under § 3439.08 require the determination of whether "reasonably equivalent value" was transferred from the transferee *to the debtor*.

*In re AFI Holding, Inc.*, 525 F.3d at 707 (emphasis added).[6]

---

[6] Contrary to Prevost's assertion in its opposition to the Trustee's motion that *AFI* can be distinguished because the defendant gave no value to anyone [Defendant's Opposition, Dkt. 60, at 12], the court in *AFI* did find that the defendant there, Mackenzie, gave reasonably equivalent value to the debtor in exchange for the return of his principal investment. *In re AFI Holding, Inc.*, 525 F.3d. at 708. Another case which supports the Court's interpretation of RCW 19.40.080(a) is *In re Cohen*, 199 B.R. 709 (9th Cir. BAP 1996). If consideration paid by a transferee to a third party rather than the debtor would have satisfied UFTA 8(a), the court in Cohen would not have

Order - 7

RCW 19.40.081(a) derives from Section 8(a) of the Uniform Fraudulent Transfer Act ("UFTA"). Unfortunately, nothing in the comments to that section reveals what the drafters' intent was with regard to the specific language used. On its face, Section 8(a) purports to provide a complete defense to a transferee who takes for value and in good faith. But for the defense afforded in 8(a), any transferee would be strictly liable because avoidance of an intentionally fraudulent transfer does not require the creditor or bankruptcy trustee to prove anything other than that the transfer was made with the intent to hinder, delay or defraud creditors. No one would dispute that a good faith transferee who gives reasonably equivalent value to the debtor is entitled to protection, because in such case, the debtor's net worth would not be diminished by the transaction. The question is whether a transferee who takes value from the debtor but provides consideration in exchange to a third party other than the debtor deserves the same complete protection. As Ninth Circuit cases have acknowledged, the first or initial transferee from the debtor is in the best position to recognize the fraud. *See, e.g., Schafer v. Las Vegas Hilton Corporation (In re Video Depot, Ltd),* 127 F.3d 1195, 1198 (9th Cir. 1997). Taking this concept into account, it seems less likely that the UFTA framers intended Section 8(a) to exonerate an initial transferee who provides no value to the debtor. Legal exoneration of an initial transferee under that circumstance would encourage rather than discourage intentional fraud by an insider like Mr. Berg.

Prevost places great emphasis on the fact that there is no reference at all to the "debtor" in RCW 19.40.081(a). That is because the provision is applicable to first or initial transferees, who take the transfer of the debtor's assets directly from the debtor, *i.e.*, the debtor and the

---

resorted to the complicated analysis it used to conclude that the exchange at issue was between the defendant car dealers and the debtor. At issue were intentionally fraudulent transfers under state and federal law in connection with a Ponzi scheme. The court found that the dealers had met the burden of proving their defense under the equivalent of UFTA 8(a) in that, notwithstanding their delivery of cars to third parties, it was the debtor who had in fact purchased the cars.

Order - 8

transferor are the same. Just as a subsequent good faith transferee must give value to its transferor nondebtor (subsequent transferees by definition do not deal directly with the debtor) to avail itself of the defense under RCW 19.40.081(b)(2), the initial transferee under RCW 19.40.081(a) must give value to its transferor, the debtor.

The Court's interpretation of RCW 19.40.081(a) also avoids the unfairness in application of the statute if Prevost's interpretation is upheld. Under Prevost's interpretation, creditors of the debtor have no remedy at all against a good faith first transferee of an actual fraudulent transfer who gives absolutely nothing in exchange to the debtor, so long as value was given to someone. On the other hand, a good faith transferee who gives some consideration to the debtor, but something less than reasonably equivalent value, is only protected to the extent of the value given *to the debtor*. RCW 19.40.081(d). Nothing within the structure of the statute or the UFTA comments suggests any intent to favor the initial transferee of an actual fraudulent transfer in this way or to permit the depletion of the debtor's assets without a corresponding transfer of value to the debtor.

For the foregoing reasons, Prevost has failed to convince the Court that it made a manifest error of law when it held that RCW 19.40.081(a) requires value to go to the debtor as an element of the defense under the statute.

**IV. CERTIFICATION TO THE WASHINGTON SUPREME COURT**

As alternative relief, because there are no Washington cases on the issue, Prevost asks the Court to exercise its discretion and certify the question to the Washington State Supreme Court pursuant to RCW 2.60.030(1). Prevost brought this issue directly before the Court in its Motion for Summary Judgment Dismissal of All Remaining Claims ("Motion for Summary Judgment" Dkt. No. 54). At the time it filed the Motion for Summary Judgment, Prevost knew that there were no state law cases on the issue. Dkt. 54; *See also* Prevost's Reply in Support of Motion for

Order - 9

Summary Judgment Dismissal, Dkt. 66. Nevertheless, it proceeded to seek a ruling form this Court without requesting certification to the Washington State Supreme Court. Only after an adverse ruling did Prevost ask the Court to certify the question. Under these circumstances, the Court declines to certify the question to the Washington State Supreme Court.

## ORDER

NOW, THEREFORE, for the foregoing reasons, it is HEREBY ORDERED that Prevost's Motion for Reconsideration, and alternatively, for certification under RCW 2.60.030(1), is DENIED.

///END OF ORDER///

Order - 10